# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MRO INVESTMENTS, INC., ) | 1:11cv01398 LJO DLB |
| ) | |
| Plaintiff, ) | ORDER REMANDING ACTION TO STATE COURT |
| v. ) | |
| BETTYE J. SAMUELS, ) | |
| Defendant. ) | |

Defendant Bettye J. Samuels ("Defendant"), proceeding pro se, removed this action from the Fresno County Superior Court on August 22, 2011.[1]

**DISCUSSION**

The underlying complaint is an unlawful detainer action filed by Plaintiff MRO Investments, Inc., on July 15, 2011, in Fresno County Superior Court.

Removal to federal court is proper where the federal court would have original subject-matter jurisdiction over the complaint. 28 U.S.C. § 1441. If after a court's prompt review of a notice of removal "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). These removal statutes are strictly construed against removal

---

[1] Defendant also filed a motion to proceed in forma pauperis. As discussed more fully in this order, however, the motion to proceed in forma pauperis is essentially moot because the Court lacks subject matter jurisdiction over this action.

1

1  and place the burden on defendant to demonstrate that removal was proper. <u>Moore-Thomas v.
2  Alaska Airlines, Inc.</u>, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing <u>Gaus v. Miles, Inc.</u>, 980 F.2d
3  564, 566 (9th Cir. 1992)).

4      Here, Defendant asserts that removal is proper based on federal question. Federal courts
5  have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of
6  the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the
7  "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. <u>Vaden v.
8  Discovery Bank</u>, 129 S.Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal
9  question do not satisfy this requirement. <u>Id</u>. at 1273.

10      Defendant has failed to demonstrate that the action arises under federal law. Although
11  Defendant cites the Protecting Tenants at Foreclosure Act of 2009, she explains that she is not
12  asserting a right of action under the law but is relying on a provision of the law only as a
13  defense. As explained above, a defense asserting a federal question does not satisfy the removal
14  requirement.

15      Plaintiff's complaint states only a cause of action for unlawful detainer. An unlawful
16  detainer action arises under state law and does not involve any federal claims. Accordingly,
17  Defendant has failed to show that removal is proper based on a federal question and this Court
18  lacks subject matter jurisdiction.

19  **ORDER**

20      The Court ORDERS that this action be REMANDED to Fresno County Superior Court.

21
22
23      IT IS SO ORDERED.
24      Dated: **August 25, 2011**          **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE
25
26
27
28